EXECUTORS of BURNET *against* ADMINISTRATORS of BRYAN.

IN ERROR.

When there is open running account for some years, although some of the items may be of more than six years standing, the claim is not barred by the statute of limitations.

Where A. has a demand against B. which is not barred by the statute, and B. dies intestate the statute will not run until letters of administration are taken out; though there may be an executor *de son tort.*

---

The plaintiffs, in error, had commenced this action in the court below. The suit was brought to recover a book debt, and by the account presented and proved, it appeared that the items charged were for medicines and attendance as a physician, some of which, however, at the time of the death of the intestate, were of more than six years' standing. During every year some items were charged, excepting one, and nearly all of them were within six years preceding Bryan's death. No letters of administration were taken out from the year 1777, when the intestate died, until the year 1794;

within one year after which the present action was commenced. In addition to the foregoing circumstances, it further appeared from the bill of exceptions, that soon after the death of Daniel Bryan, the intestate, one of his sons had called upon the different creditors, in order to ascertain their respective demands, and had actually paid the accounts of two of them. He had called upon Burnet, for his account, who told him that he would not distress the family by an immediate demand but would wait.

The defendants pleaded the statute of limitations, and the court being of opinion that the demand was barred by the statute, a bill of exceptions was taken to their opinion, and sealed by the court. Other questions occurred in the case, which were included in another bill of exceptions, but as they were not considered in the opinion of the court, it is unnecessary to state them.

*M' Whorter*, for the plaintiffs in error. The question is, whether under all the circumstances of this case, the claim of the plaintiffs is barred by the statute of limitations? It appears that the account between the testator and the intestate, was an open and running account, some of the items of which were beyond the six years, but as others were within that period, and the account never was deserted, the testator at the time of the death of Bryan, might have sued for, and recovered the entire debt.

Subsequent to this period, there was no person against whom an action could be brought. No letters of administration were taken out, and no laches can be attributed to the plaintiffs or their testator. In *Jolliffe* v. *Pitt*, 2 *Vern.* 694, it was argued that while there was no executor against whom the action could be brought, the statute did not run, and the Lord Chancellor seems to have been of this opinion. In 1 *Eq. Ca. Abr.* 305, this case is considered as warranting this general doctrine. 4 *Bac. Abr.* 480, the same case is cited as establishing the same principle. So in *Cary et ux.*

v. *Stephenson,* 2 *Salk.* 421, 4 *Mod.* 372, it was held that the title of the plaintiffs commenced by taking out letters of administration, and as the action was instituted within six years thereafter, the statute did not operate as a bar.

*Ab. Ogden,* contra. It appears that some of the items in this account are of twenty-six years standing, and the whole of them at least twenty years old; in such a case it is impossible for the defendants to come prepared to disprove them, and independent of the statute of limitations, the presumption is, that the account has been long since settled. Even in the case of a bond, the law will presume it to have been paid after a delay of twenty years. 1 *Bur.* 434; 4 *Bur.* 1963; 1 *Term. Rep.* 271; 2 *Atk.* 144; 6 *Mod.* 23.

It is insufficient answer to this to say, that as letters of administration had not been taken out, there was no person against whom an action could be sustained. It appears that one of the sons of the intestate had actually called upon and settled with some of the creditors, and had applied to the defendant's testator for his account. Here there was an opportunity presented to have it adjusted and paid, and from this time, at least, the statute should be considered as running.

But the foundation of this argument fails. The son of the intestate had made himself *executor de son tort,* by thus intermeddling with his father's affairs, and therefore rendered himself liable to an action by any creditor. *Padget* v. *Priest,* 2 *Term Rep.* 97. *Edwards* v. *Harben, 1b.* 287. The acts performed by such executor would have been valid and binding. *Parker* v. *Kett,* 1 *Lord Ray.* 66.

*A. Ogden,* in reply. It is not intended to dispute the law, that an executor *de son tort* renders himself liable by an improper and illegal interference in the concerns and business of the deceased; but it is presumed that every creditor is not considered as relinquishing his claims if he

does not think proper to sue him. An option is indeed given him, but the doctrine that he is imperatively bound to pursue this remedy, is novel. In this case, however, there is no proof that the creditor knew that the son had rendered himself liable. He cannot be presumed cognizant of what was done with other creditors ; he himself was merely called upon for his account, and this certainly would furnish no ground of action.

KINSEY, C. J., delivered the opinion of the court. The plaintiffs, as executors of William Burnet, have brought this action to recover the amount of charges in the books of their testator, against the defendants intestate, for medicine and attendance as a physician. The defendants have pleaded three pleas, one of which, the statutes of limitations, will alone come under consideration.

On an inspection of the account, it appears that it consists of a number of items, charged in a regular manner, from the year 1760 to the year 1770, the period of the intestate's death. Some items appear in every year of this period, excepting the year 1765, and some of them are for medicines and attendance during the last illness of the intestate.

It further appears, that one of Bryan's sons, shortly after the decease of his father, acted as executor, so far, at least, as to call upon several of the creditors, with two of whom he actually settled. He called upon Mr. Burnet, who, in a liberal and honorable manner, declared that he would not distress the family. No letters of administration were taken out until the year 1794, and within a year afterwards this action was commenced.

These appear to be the principal circumstances of the case, and we are to determine whether the court below were correct in declaring that under them the claim of the plaintiffs was barred by the statute of limitations.

We are of opinion, on the authority of the case cited from 2 *Vernon*, recognized and confirmed as it has been, that the

whole period, from the death of the intestate till the time when the letters of administration were taken out, is fully accounted for. During this interval the statute of limitations did not run, because there was no person against whom the plaintiffs were bound to bring their action.*

This reduces the cause to a single question, whether Burnet himself was bound by the statute in 1770, at the time of the death of the intestate? and upon this we are of opinion that he was not, and for the following reasons: The account appears to be open and unsettled, continued from year to year, and never deserted. According to Lord Hardwicke, in *Welford* v. *Liddel*, 2 *Ves.* 400, the exception in the statute, with regard to accounts, was to prevent dividing the account where it was a running account, when perhaps part might have begun long before, and the account never settled. It was determined in *Cranch* v. *Kirkman, Peake's N. P.* 121, that though the statute excludes running accounts between merchants only, yet when there is a mutual account of any sort between plaintiff and defendant, an item for which credit has been given within six years, is evidence of a promise to pay the balance, and will take the case out of the statute. This doctrine appears to be sanctioned by *Watson, Law of Partnership*, 208.†

Upon the whole, the defence in this case is an unrighteous one. The testator declined bringing forward his claim from the most liberal and praiseworthy motives; he was fearful of distressing the family, and did the circumstances of the case render it necessary, we should consider the son as an authorized agent, and his proceedings as an acknowledgment binding on the defendants.

Judgment reversed.

---

* See the case of *Webster* v. *Webster*, 10 *Vesey* 93, where it was held, that this was an insufficient answer to a plea of the statute, when the testator died in 1786, and probate was not taken till 1802, because the defendant had possessed himself of the personal estate, and might have been sued as an executor *de son tort* previous to 1792.

† See *Catling* v. *Skoulding*, 6 *Term Rep.* 189; *Nichols* v. *Leavenworth*, 1 *Day*, 245; *Cogswell* v. *Dolliver*, 2 *Mass. Term Rep.* 217, where the same doctrine is laid down. But see *Miller* v. *Colwell*, 2 *South.* 577; though one item of the account is within six years, it does not take the whole out of the statute.